# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| THOMAS P. DALIO, | DOCKET NUMBER |
| Appellant, | CH-0752-23-0427-I-1 |
| v. | |
| DEPARTMENT OF THE ARMY, | DATE: November 21, 2025 |
| Agency. | |

# THIS ORDER IS NONPRECEDENTIAL[1]

Staney Thomas Dobry, Esquire, Warren, Michigan, for the appellant.

Steven Whittington, Esquire, Warren, Michigan, for the agency.

**BEFORE**

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

**REMAND ORDER**

The appellant has filed a petition for review of the initial decision, which construed the instant appeal as an involuntary retirement appeal and dismissed it for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

At the time relevant to this appeal, the appellant held the position of Foreign Military Sales Liaison Officer. Initial Appeal File (IAF), Tab 10 at 33. His service history includes written counseling for misconduct in 2014 and again in 2015. *Id.* at 88, 90. It also includes suspensions for misconduct in 2016 and 2019. *Id.* at 24, 97. On February 21, 2020, the agency proposed his removal for further misconduct. *Id.* at 135-38. The agency charged him with inappropriate conduct and failure to follow supervisory instructions. *Id.* at 135-36. After the appellant responded, the deciding official issued a March 30, 2020 decision to sustain the removal, which was scheduled to be effectuated on April 5, 2020. *Id.* at 27-32. However, effective April 4, 2020, the appellant retired. *Id.* at 33.

Days after his retirement, the appellant filed an equal employment opportunity complaint in which he alleged that the removal action and corresponding decision to retire were the product of discrimination. *Id.* at 50-51. In July 2023, the agency issued its final agency decision in the matter, finding no merit to his allegations. *Id.* at 50-78. At that point, the appellant filed the instant appeal. IAF, Tab 1.

The administrative judge construed the matter as an involuntary retirement appeal and developed the record regarding the question of involuntariness. *E.g.*, IAF, Tab 11 at 1-2, Tab 51-9, Hearing Transcript, Day 1, Tab 52-7, Hearing Transcript, Day 2. She then dismissed the appeal, based on a determination that the appellant did not prove that his retirement was involuntary and within the Board's jurisdiction. IAF, Tab 53, Initial Decision (ID).

The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed a response, and the appellant has replied. PFR File, Tabs 5-6.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The appellant has established good cause for the untimeliness of his petition.</u>

The initial decision recognized that the deadline for filing a petition for review was Friday, July 5, 2024. ID at 14. The appellant did not successfully submit his petition until the following Tuesday, July 9, 2024. PFR File, Tab 1. He filed a motion, asking that the Board accept his petition as timely or find that he established good cause for its untimeliness. PFR File, Tab 4.

A petition for review generally must be filed within 35 days after the date of the issuance of the initial decision or, if a party shows that he received the initial decision more than 5 days after it was issued, within 30 days after his receipt of the initial decision. 5 C.F.R. § 1201.114(e). The Board will waive this time limit only upon a showing of good cause for the delay in filing. 5 C.F.R. §§ 1201.12, 1201.114(g). To establish good cause for the untimely filing of a petition, a party must show that she exercised due diligence or ordinary prudence under the particular circumstances of the case. *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to his inability to timely file his petition. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

Here, the appellant is represented by an attorney, but his attorney was not the one to submit the petition for review—the appellant took on the task of submitting the pleading himself, and his delay in doing so beyond the designated deadline was brief. PFR File, Tab 1 at 1, 36, Tab 3 at 4-7. More importantly, we are persuaded by the reasonableness of his excuse and showing of due diligence.

The appellant has presented a sworn explanation, with supportive evidence, indicating that he attempted to file his petition on the evening that it was due, only to be thwarted by technical difficulties with the Board's e-Appeal system. PFR File, Tab 3 at 4-35. According to the appellant, the Board's technical support team was unavailable by the time of his troubles and over the weekend, such that his difficulties were not ultimately resolved until July 9, at which point he immediately submitted his petition. *Id.* at 4-8. The appellant further explained and established that he attempted to submit the petition 13 times in the interim, and his troubles were caused in part by a data problem that had to be remedied by the Board's technical support team removing the apostrophe from his name in case data. *E.g.*, *id.* at 8, 10. Under these circumstances, we find that the appellant established good cause for his untimely petition, and we will therefore waive his untimeliness.

<u>The administrative judge erred by adjudicating the instant appeal as an involuntary retirement.</u>

As previously stated, the administrative judge construed the matter before us as an involuntary retirement appeal. However, the instant matter must instead be adjudicated as a removal appeal.

Under 5 U.S.C. § 7701(j), "neither an individual's status under any retirement system established by or under Federal statute nor any election made by such individual under any such system may be taken into account" in determining the appealability of an individual's removal from Federal service. The Board thus retains jurisdiction over an appeal when an employee retires when faced with an agency's final decision to remove him. *Mays v. Department of Transportation*, 27 F.3d 1577, 1579-80 (Fed. Cir. 1994); *Krawchuk v. Department of Veterans Affairs*, 94 M.S.P.R. 641, ¶ 6 (2003).[2] This is true even if the

___

[2] In *Jenkins v. Merit Systems Protection Board*, 911 F.3d 1370, 1371-74 (Fed. Cir. 2019), the U.S. Court of Appeals for the Federal Circuit distinguished the holding in *Mays* from the situation in that case, in which the agency rescinded the removal decision several days before the effective date of the appellant's retirement. The court

effective date of the retirement is on or before that of the removal. *Krawchuk*, 94 M.S.P.R. 641, ¶ 6. Put another way, once a final decision to remove is effective, an employee's decision to retire is irrelevant when determining whether the Board has jurisdiction over a removal claim.

Here, it is undisputed that the appellant retired the day before his removal was to be effectuated. *E.g.*, IAF, Tab 10 at 6 (the agency's narrative, explaining the relevant timeline), 27-29 (decision to sustain the appellant's removal, to be effective April 5, 2020), *with id.* at 33 (Standard Form 50, documenting the appellant's separation as a voluntary retirement, effective April 4, 2020). His decision to retire after receiving the removal decision does not deprive the Board of jurisdiction to adjudicate an appeal of the removal action. *Krawchuk*, 94 M.S.P.R. 641, ¶¶ 6-7. Accordingly, we must remand the appeal to the regional office for adjudication on the merits, including a hearing if the appellant still seeks one. *See id.*, ¶ 11. On remand, the administrative judge shall adjudicate the appellant's claims of discrimination and reprisal as affirmative defenses. *See id.*

---

agreed with the Board that, under those facts, the Board lacked jurisdiction over the appeal. In its decision, the court did not question the application of *Mays* to facts like those present in this appeal.

**ORDER**

For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:                    *Gina K. Grippando*
                                  _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.